HEDEEN v. BAUSINGER

Ohio Appeals, 3rd Dist., Crawford Co.

No. 1132. Decided March 31, 1927

465. ERROR—Damages—Court, in breach of warranty case, in allowing introduction of evidence as to value of truck without regard to the time and place of sale, committed prejudicial error.

**First Publication of this Opinion**

JUSTICE, J.

The original action was brought by one Henry Bausinger against Ed Hedeen in the Crawford Common Pleas for recovery of damages for an alleged breach of a contract of warranty in the sale of a second hand truck, which was sold on Oct. 3, 1924, at Bucyrus, Ohio.

Bausinger claims that he told Hedeen he intended to use the truck in hauling fruit and vegetables to market; that Hedeen warranted it to be fit for such purpose; that the truck was used 30 days and returned to Hedeen for th ereason that it was not fit for the purposes for which it was warranted; that by reason thereof Bausinger suffered damages in the amount of $669.35. The jury returned a verdict of $300 in favor of Bausinger. Error was prosecuted and the Court of Appeals held:

1. The contention that the trial court erred in admitting evidence of the value of the truck without regard to the time and place of sale is tenable.

2. The measure of damages in this case, so far as general damages are concerned, is the difference, if any, between the actual market value of the truck at the time and place of sale, and what would have been its fair market value, at the time and place of the sale, if it had been as warranted.

3. One of the issuable facts which Bausinger was required to establish by a preponderance of the evidence, under the pleadings and under proper instructions of the court, was the actual market value of the truck at the time and place of sale.

4. In receiving evidence without regard to time and place of sale the court committed error which, if prejudicial to Hedeen, will compel a reversal of the judgment.

5. Evidence tends to show that Bausinger suffered special damages in the sum of $194.10 and the general damages could not have exceeded $10.00 so that the entire amount of damages could not have exceeded $204.10.

6. As the verdict was for $300, the jury must necessarily have considered testimony of those witnesses who testified to the value of the truck without regard to the time and place of the sale.

Judgment therefore reversed.

Attorneys—J. W. McCarron and Clarence U. Ahl for Hedeen; Charles F. Schober and A. S. Leuthold for Bausinger; all of Bucyrus.